United States District Court
for the District of Maryland

proper court name

district court of the United States
Maryland State

United States of America                    CASE # GJH 19 CR 444

Plaintiff /Bankrupt Debtor

VS

Sandra Denise Curl, Sandra Curl- Jacobs
El Sandra Curl Jacobs, "Minister Sandra El
Defendant Creditor

Sandra Kenan
party acting on behalf of Creditor

**Memorandum of Law and Facts
on the Creation of the United States District Court
By Congressional Enactment
Why it lack jurisdiction**

**<u>All facts in this memorandum has to be disputed as not facts</u>**

Whereas, I, Sandra Kenan, (HEREINAFTER and at "All" times when "I" or this party is used it will mean Sandra Kenan acting on behalf of Sandra Denise Curl name on birth certificate, Sandra Curl Jacobs, and Sandra Curl Jacobs El, Minister Sandra El, and not as a Bar Attorney or educated in any law school to interrupted your language and in the communication as terms of words as pointed out by President Clinton, in his impeachment on the word " is" and it depend on what the word is, is.

1

Now comes Sandra Kenan, Birth Certificate known as Sandra Denise Curl, and hereby incorporates all statements of fact concerning the character of the party and her abode and relationship to Federal jurisdiction, and her denial of being SANDRA CURL, SANDRA KENAN, or any other jurisdictic, non-moral being.

This memorandum of law expounds on only number of issues raised to a common law remedy on a four-square challenge and collateral attack on the indictment, judgment, IRS claims and lack of jurisdiction of this court in UNITED STATES OF AMERICA vs Sandra Denise Curl, Sandra Curl- Jacobs El Sandra Curl Jacobs, "Minister Sandra El., case GJH 19 CR 444

JURISDICTION CHALLENGE

Question before the District of Maryland Court is jurisdiction.

1. District of Maryland Court is required to address in order to claim jurisdiction over the defendant as the prosecution as always fail to state that jurisdiction when it comes to the people to which jurisdiction it operate.

2. It seem that jurisdictions when it come to the people is top-secret "hidden"

3. When the people come before these same federal court to bring a claim against the same named plaintiffs the District of( that State named) claim there no jurisdiction when jurisdiction has been named under 28 PART IV— JURISDICTION AND VENUE that District of (that named State )Court keeps claiming no jurisdiction, no jurisdiction, no jurisdiction no matter how the people give that court jurisdiction there no jurisdiction. Class vs State of Kentucky, Mayor vs Pima County Az, Class vs New Philadelphia, Andrew vs United States just to name a few

2

4. When a member of the Bar Association comes before these same Courts the District of that State name now that Court has jurisdiction.

5. This discovery jurisdiction issue before this District of Maryland Court has to do with which jurisdiction it's operating under as each has limited powers of operations as a Article III Court or a Article IV Court.

6.Whereas by Congressional intend the District of Maryland claim has limited jurisdiction as explained in this memorandum

### First Defect

1.Being tried in the United States District Court for the District of Maryland, By, Judge George Jarrod Hazel residing and as there is a language issue on words and to what the words meaning are.

a) District of Maryland appears to have similarity to the District of Guam, Puerto Rico and the Virgin Islands as a territory Court and not that of an Article III but legislative Article IV.

b). Whereas the Reconstruction Act of 1867 has never been appeal and still alive and well,

c). the Court for the District of Maryland appear to be operating either, as a territorial Court or appears to operate under a military district over some form of federal enclave as define within Article 1 clause 17, 18 as your court seem to fly a military flag as defined in Army Regs 840-10 section 8

d). Whereas the reconstruction act not been repeal but has the provision under ; **First Reconstruction Act March 2, 1867**

*An Act to provide for the more efficient Government of the Rebel States*

3

WHEREAS no legal State governments or adequate protection for life or property now exists in the rebel States of Virginia, North Carolina, South Carolina, Georgia, Mississippi, Alabama, Louisiana, Florida, Texas, and Arkansas; and whereas it is necessary that peace and good order should be enforced in said States until loyal and republican State governments can be legally established: Therefore,

Be it enacted . . ., That said rebel States shall be divided into military districts and made subject to the military authority of the United States as hereinafter prescribed, and for that purpose Virginia shall constitute the first district; North Carolina and South Carolina the second district; Georgia, Alabama, and Florida the third district; Mississippi and Arkansas the fourth district; and Louisiana and Texas the fifth district.

e). Whereas All of the States were force under the 1868 14th amendment to forfeit its State sovereignty to come under Federal jurisdiction ,because no legal State government and

f) under the State Enabling Act all land was to be place under a Federal Land Trust and the State was limited to defined Parcels of land and all other land come under federal enclave, and

g). whereas Land Patents have been restricted to private entities the land, therefore being claimed by the District of Maryland is claiming that the defendant is living /operating with the federal enclave of a territory or within a military district giving the District of Maryland jurisdiction over the defendant ?

h). Whereas the people have been lead to believe that Maryland state was state land and not federal or part of a military jurisdiction within Title 50 section 23,

i). The Clearfield Trust doctrine also come into play as the plaintiff is claim federal reserves note is the foundation.

4

j). the plaintiff has now reduce itself to a business and no longer as a government, ii) District of Maryland can longer act as Court when itself becomes a business under a instrument contract which now requires a memorandum of understanding produce the contract between the plaintiff and the defendant

2. Due to lack of knowledge of your language as your language has difference means to that of the people outside of your brotherhood or sisterhood (aka Bar Association & judge Association)

a). To start with the term and difference between the district court of the United States to that of United States District Court also aka UNITED STATES DISTRICT COURT are by Congressional legislation two different courts and by supreme Court decision three different courts.

b). district court of the United States as found in Congressional record as explained below is and Article III

c). United States District Court is listed as a territorial court within the territories as defined below in congressional records,

d) United States District Court could be construed as one being in and operating within the military districts.

3. The extremely difference in language from Congressional enactment as found in United States (Statutes at Large), and other fundamental resources, memorandum segments to other matters raised in petitioner's motion.

4. I will complete segments which demonstrate that

5

a). the United States Code, particularly Titles 18 and 26, are merely evidence of law, and color of law and not law, and has no proof of Congressional enforcement short of what found in 27 CFR Alcohol, Tobacco Products and Firearms and

b). the Government, whether of the United States or the de facto United States of America, has in fact prosecuted this matter and the Sandra Denise Curl, Sandra Curl- Jacobs El Sandra Curl Jacobs, "Minister Sandra El., case GJH 19 CR 444, under <u>color of law;</u>

c). the United States District Court, operating under Federal Rules of Criminal Procedure for United States District Courts, imposed Civil Law-Maritime Law process under modified Admiralty procedure, thereby depriving "this party" of due process of law, being common law procedure and forums, as contemplated by the "arising under" clause at Article III § 2.1 and the Fifth Article of Amendment to the Constitution; and

d). the alleged indictment against Sandra Denise Curl, Sandra Curl- Jacobs El Sandra Curl Jacobs, "Minister Sandra El is defective, and of no consequence, because

i). Sandra Denise Curl, Sandra Curl- Jacobs El Sandra Curl Jacobs, "Minister Sandra El was deprived of the right to participate in the grand jury selection and seating process, interview witnesses against her;

ii). the U.S. Attorney conducted grand jury proceedings, which is contrary to common law forum contemplated by the Bill of Rights; and

6

iii). an indictment was not returned in open courts, all required by petitioner's due process rights secured in common law forums contemplated by the Constitution.

## Second Defect

I, will alleges that the foundation in this memorandum segments incorporated in this instrument are adequate:

1. The Article IV United States District Court for the District of Maryland has statutory and regulatory capacity to prosecute "only misdemeanor and petty offenses", with consent of the accused, on military installations and on land under Department of the Interior jurisdiction, and

a). the Federal Rules of Criminal Procedure, Federal Rules of Evidence, etc., do not apply to proceedings in Article III district courts of the United States, which have original criminal jurisdiction under 18 USC § 3231;

b). all entities involved in prosecution of the instant matter must disclose five essential elements of authority to establish standing and territorial and subject-matter jurisdiction;

c). the "United States of America" is a government foreign to the United States, and has no standing either by Constitutional delegation of authority or

d). Titles 18, 19, 21, 26 and other titles of the United States Code, save Title 48; and

e). Contrary to Article I § 9 clause 3 of the Constitution, the Article IV United States District Court, being a legislative rather than judicial court, has effected a bill of attainder against " this party" Creditor.

i). The term 'District Courts of the United States,' as used in the rules, without an addition expressing a wider connotation, has its historic significance. It describes the constitutional courts created under article 3 of the Constitution. Courts of the Territories are legislative courts, properly speaking, and are not District Courts of the United States. We have often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a 'District Court of the United States.' Reynolds v. United States, 98 U.S. 145 , 154; The City of Panama, 101 U.S. 453 , 460; In re Mills, 135 U.S. 263, 268 , 10 S.Ct. 762; McAllister v. United States, 141 U.S. 174, 182 , 183 S., 11 S.Ct. 949; Stephens v. Cherokee Nation, 174 U.S. 445, 476 , 477 S., 19 S.Ct. 722; Summers v. United States, 231 U.S. 92, 101 , 102 S., 34 S.Ct. 38; United States v. Burroughs, 289 U.S. 159, 163 , 53 S.Ct. 574. Not only did the promulgating order use the term District Courts of the United States in its historic and proper sense, but the omission of provision for the application of the rules to the territorial courts and other courts mentioned in the authorizing act clearly shows the limitation that was intended.

ii) The United States district court is not a true United States court established under Article III of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under Article IV, § 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court.

8

### Third Defect

Counsel for the "United States of America", the Internal Revenue Service, and various individuals the four-square challenge and collateral attack issues against will no doubt allege, "The pleading is unintelligible," or "Allegations are just so much more tax protester rhetoric," etc.

### However, that is not the case:

The Cooperative Federalism scheme, formerly known as Corporatism, has been laid bare; the "United States of America" is now known to be a government foreign to the United States; the Internal Revenue Service is in fact successor to the **Bureau of Internal Revenue**, Puerto Rico; no taxing statute in the Internal Revenue Code reaches the Union of several States and people indigenous to or otherwise situated in the several States unless they happen to be U.S. Government employees;

a). The Internal Revenue Code and the Statutes at Large vest authority in the Treasury Department, via the General Accounting Office, for administration and collection of delinquent taxes in the Continental United States;

b). the so-called income tax levied in Subtitle A of the Internal Revenue Code is simply the "normal tax" levied against officers and employees of the United States, etc. (Internal Revenue Act of Nov. 23, 1921 and the Public Salary Tax Act of 1939); and

c). United States municipal authority, including police powers, judicial and corrections authority within the Union of several States party to the Constitution is limited to Federal enclaves, defined at 18 USC § 7(3).

d). The "United States of America, SS, President of the United States", has standing only in Federal courts located in Puerto Rico and the Virgin Islands.

e). The fact that judicial officers (magistrates) in United States District Courts preside under the gold-fringed Union Jack (executive martial law/admiralty banner), rather than the official flag of the United States, prescribed at 4 USC § 1, is proof positive of underlying authority and purpose – when the executive admiralty-martial law authority is extended beyond borders of the geographical United States subject to Congress' Article IV § 3.2 legislative jurisdiction, and the authority moves under threat or actual force of arms, it cannot be construed other than as acts of plunder and war, with the sovereign people of the several States being the object of plunder, suppression, sedition and treason.

f). I, will, alleges that it is not "this party" responsibility to disprove standing for the "United States of America", the Internal Revenue Service, the United States District Court, the United States Attorney, the Department of Justice, et al.

g). I, has been arrested and charged and

h). I, will, alleges that those responsible have conspired to the common end of false arrest, probation, unauthorized surveillance, unauthorized search and seizure , personal injury, slander, theft of property, theft of other personal information, etc.,

10

i).  As the accused, those responsible are prima facie guilty of false imprisonment unless or until they (i) prove standing, (ii) prove subject-matter jurisdiction, and (iii) prove territorial jurisdiction and

j).  prove if under military jurisdiction under reconstruction Act

k).  prove if its jurisdiction under a federal enclave under a State enabling Act when the State join the federal government under the Federal Land Trust

## Fourth Defect

The numbers of issue within this memorandum components that follow do not rely on abstract or constructive arguments. They are based squarely on the Constitution of the United States, Statutes at Large, statutes published in the United States Code (evidence of law only), regulations, executive orders, executive officer delegations of authority, and other government-generated authorities, including judicial decisions that articulate constitutional principles. **(Quote By witness before Congress impeachment on President Trump the Constitution is the Law of the Land)**

1) Therefore, requisite response from counsel for the plaintiff ("United States of America") must be with concrete rather than abstract proofs.

> For example, the last sentence of 40 USC § 255 stipulates that until the United States has formally accepted jurisdiction over land acquired by the United States, with jurisdiction ceded by the legislature of the State where the land is acquired, United States jurisdiction is presumed not to exist.

a). Where the instant matter is concerned, counsel for the "United States of America" may prove United States jurisdiction in the COUNTY OF PRINCE GEORGE, or the community of GREENBELT City, Maryland state, by entering proof that the United States formally accepted jurisdiction to the county or community in compliance with requirements of 40 USC § 255 and Article I § 8.17 of the Constitution.

b). I will demonstrated that 26 USC § 7701(a)(12)(A) & 7805(a) vest Internal Revenue Code authority in the Treasury Department, a/k/a Treasury of the United States, not the Department of the Treasury of the United States, the Department of the Treasury, Puerto Rico, the Commissioner of Internal Revenue, or the Internal Revenue Service, and that the Statutes at Large, as well as 5 USC § 5512, vests authority in the General Accounting Office, as general agent for the Treasury of the United States, for collection of delinquent employee taxes.

c). In response, counsel for the "United States of America" and the Internal Revenue Service must produce requisite authorities into record – Statutory authority, executive orders, delegations of authority, general application regulations.

d). Most importantly, "I /this party" alleges that the "normal tax" prescribed in Subtitle A of the Internal Revenue Code is not a true income tax contemplated by the Sixteenth Amendment (it is a privilege tax). The "normal tax" was first imposed on officers and employees of the United States by Act of July 1862 – the Sixteenth was not implemented until 1913.

e). Therefore, counsel for the United States of America must disclose what Article I delegated authority the normal tax issues under. If the tax does not fall

within Congress' Article I enumerated powers, or is merely an exercising authority to regulate government, extension of the authority to the Union of several States and the population at large is patently fraud and must be condemned as usurpation of power.

f). An old colloquialism says that close counts only in horseshoes and hand grenades. The principle applies in this forum: Proofs must be concrete. As in all things, truth has substance. Proofs of law, executive orders, executive officer delegations of authority, and general application regulations, along with disclosure of constitutionally delegated authority, constitute the substantial force of law. Without the requisite proofs, those responsible for prosecution of the instant matter are condemned for false imprisonment and stand in jeopardy for other alleged offenses.

## Fifth Defect

**The memorandum elements follow:**

### DISTRICT COURT

2. So far as constitutional authority concerning Congress' responsibility to prescribe and/or prosecute crimes, it is extremely limited except under Article IV § 3.2 authority relating to territories belonging to the United States. The Supreme Court of the United States had the following to say on the matter in the first decade after United States government convened under the Constitution:

3. In relation to crimes and punishments, the objects of the delegated power of the United States are enumerated and fixed. Congress may provide for the punishment of counterfeiting the securities and current coin of the United

States and may define and punish piracies and felonies committed on the high seas, and offenses against the law of nations. Art. I s. 8 … But there is no reference to a common law authority: Every power is [a] matter of definite and positive grant; and the very powers that are granted cannot take effect until they are exercised through the medium of law. United States vs. Worrall, 2 Dallas (2 U.S.) 384, 391 (1798)

4. The Fourteenth Amendment and several amendments promulgated since 1870 expand United States authority relative to voting and civil rights violations against "citizens of the United States", and might conceivably extend authority relating to a true income tax levied under authority of the Sixteenth Amendment, but the United States does not have **"general civil and criminal jurisdiction"** throughout the Union of several States party to the Constitution.

a). Without a special constitutional grant of authority, per U.S. vs. Constantine and New York vs. United States, supra, courts of the United States, whether Article III judicial courts (district courts of the United States), or Article IV legislative-territorial courts (United States District Courts), lack subject matter jurisdiction within the Union of several States save on Federal enclaves, defined as United States special maritime and territorial jurisdiction, per 18 USC § 7(3).

b). In many instances, prosecutors for the "United States of America" (a government foreign to the United States) predicate prosecution of offenses on the commerce clause (Art. I § 8.3), but there is an inherent fallacy in this notion as no specific authority for prescribing punishment is enumerated in the Constitution (Tenth Amendment block; U.S. vs. Warrall, supra), and

14

c). Title 18 of the United States Code addresses only offenses committed in the geographical United States subject to Congress' Article IV § 3.2 legislative jurisdiction, and United States admiralty and maritime jurisdiction. The term "interstate commerce" is defined at 18 USC § 10, reproduced in relative part:

## § 10. Interstate commerce and foreign commerce defined.

The term "interstate commerce", as used in this title, includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.

Application of the term "State" at Rule 54(c ), Federal Rules of Criminal Procedure for United States District Courts (territorial courts of the United States), clarifies geographical limitations of the above definition:

## "State" includes District of Columbia, Puerto Rico, territory and insular possession.

The Union of several States party to the Constitution is excluded – only territory subject to Congress' Article IV § 3.2 plenary (municipal) power is included. Thus, United States subject matter and territorial jurisdiction are concurrent – Title 18 of the United States Code, as well as Titles 19, 21, 26 and 48, along with most other titles of the United States Code, are limited to United States territorial and maritime jurisdiction, as 18 USC § 7 clearly indicates. These titles do not apply to the Union of several States unless a given statute or Act specifically references the several States party to the Constitution.

Unless a specific constitutionally delegated power is entered into record to authenticate Federal criminal prosecution, Congress' Article IV legislative jurisdiction extends only to territory belonging to the United States, so Federal

15

territorial and subject matter jurisdiction are concurrent. The fact is verified in numerous court decisions, the following among them:

## CASE LAW ON OWNERSHIP OF PROPERTY

Without proof of the requisite ownership or possession of land by the United States, the crime has not been made out. U.S. vs. Benson, 495 F.2d 475, at 481 (1974).

All courts of justice are duty-bound to take judicial notice of the territorial extend of jurisdiction, although these acts are not formally put into evidence, nor in accord with pleadings. Jones vs. U.S., 137 U.S. 202, 11 S.Ct. 80 (1890)

Federal criminal jurisdiction is never presumed; it must always be proven; and it can never be waived. U.S. vs. Rogers, 23 Fed. 658 (United States District Court, W.D. Ark., 1885)

Unlike most state courts of general jurisdiction, in which jurisdiction is generally presumed unless contrary is demonstrated, in federal district courts absence of jurisdiction is generally presumed unless party invoking federal jurisdiction clearly demonstrates that it exists. State of La. Vs. Sprint Communications Co., 892 F.Supp. 145.

In principle, the exclusive legislative jurisdiction of the United States [Congress' Article IV § 3.2 legislative jurisdictional], is not addressed to subject matter, but to specific geographical locations, per U.S. vs. Bevons, 16 U.S. (3 Wheat.) 336 (1818). It is axiomatic that the prosecution must always prove territorial jurisdiction over a crime, in order to sustain a conviction therefor, U.S. vs. Benson, 495 F2d. 475, at 481 (1974).

16

When a federal court is without jurisdiction over the offense a judgment of conviction by the court and/or by the jury is void ad initio, on its face. Baumanvs. U.S., 156 F.2d 534 (5th Cir. 1946).

## THE CONNECTION BETWEEN TERRITORIAL AND SUBJECT MATTER JURISDICTION IS MADE BY THE FOLLOWING

The subject-matter of a criminal offense is the crime itself. Subject-matter in its broadest sense means the cause; the object; the thing in dispute. Stilwell vs. Menkham, 10 P.2d 15, 16 (Kan. 1932)

Jurisdiction of the subject matter is derived from the law. It can neither be waived nor conferred by consent of the accused. Objection to the court over the subject matter may be urged at any stage of the proceedings, and the right to make such an objection is never waived. However, jurisdiction over the person of the defendant may be acquired by consent of the accused or by waiver of objections. 21 Am.Jur.2d, "Criminal Law", § 339, p.589.

## THE APPEARANCE OF CONFLICT ABOVE IS RESOLVED BY THE FOLLOWING:

The law creates courts and defines their powers. Consent cannot authorized a judge to do what the law has not given him the power to do. Singleton vs. Commonwealth, 208 S.W. 2d 325, 327, 306 Ky. 454 (1948).

Under Congress Article I delegated authority, the United States potentially has jurisdiction from sea to shining sea (Article III § 2.3 limitation of United States

17

judicial authority excepting), with the Union of several States party to the Constitution included.

However, when Congress exercises Article IV § 3.2 legislative authority, subject matter and territorial jurisdiction extend only so far as territorial borders of territories belonging to the United States. Within the framework of Congress' Article IV § 3.2 capacity, the United States, as a self-interested entity, is foreign to each of the several States party to the Constitution in the same sense and to at least the same extent one of the several States is to the others.

Consequently, Congress' authority, and therefore United States territorial and subject matter jurisdiction, rests on the capacity Congress was acting in when promulgating legislation: If Congress was acting under Article IV § 3.2 municipal authority, territorial and subject matter jurisdiction are limited to the geographical United States (territory belonging to the United States), and is foreign to the Union of several States party to the Constitution.

The sovereignty of the several States, including those admitted on equal footing after the original thirteen established national government under the Constitution of the United States, was specifically articulated in Pollard vs. Hagen, 44 U.S. 213, 221, 233, as follows:

**… the United States never held any municipal sovereignty, jurisdiction, or right to soil in Alabama or any of the new states which were formed … The United States has no Constitutional capacity to exercise municipal jurisdiction, sovereignty or eminent domain, except in the cases in which it is expressly granted … Alabama is therefore entitled to the sovereignty and jurisdiction over all territory within her limits, subject to the common law.**

18

1. The United States District Court for the District of Maryland, and all other United States District Courts located in the Union of several States party to the Constitution. (1) Lack authority to prosecute felony crimes.

2. have no jurisdiction authority beyond that prescribed at 18 USC §7(3), and

3. are incompetent at law as contemplated by the "arising under" clause at Article III § 2.1 and the Fifth Article of Amendment to the Constitution.

The United States District Court is a territorial court of the United States, created at 28 USC § 132:

§ 132. Creation and composition of district courts [sic]

**(a). There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for that district.**

b). Per Historical and Statutory Notes, § 132 merely continues existing law – courts already in existence, with officers of the respective courts, would continue to function – from 28 USC § 1 (Federal Code of Civil Procedure), and 48 USC § 641 (Territories and Insular Possessions).

The "United States District Court" is distinct from the "district court of the United States", the former being a legislative-territorial court of the United States, the latter an Article III judicial court of the United States.

c). These courts were variously established, with the original district courts of the United States, or their respective predecessors, by original judiciary acts of 1789 and 1791, then by Enabling Acts for the various States admitted to the

19

Union of several States party to the Constitution subsequent to the founding States.

d). The United States District Courts were established in territories belonging to the United States prior to any given territory being admitted to the Union as a member State.

e). This arrangement continues to the present in American Samoa, Guam, the Virgin Islands, and other territories of the United States which are not in the Union of several States party to the Constitution, save the District of Columbia, which is a legitimate Federal district, and Puerto Rico, a commonwealth Federal State.

## Legislation definition until you dispute this fact

By definition, at 28 USC § 451, the "district court of the United States" is clearly distinguished from the "United States District Court":

i). The terms "district court" and "district court of the United States" mean the courts constituted by chapter 5 of this title.

ii). The broader definition at 28 USC § 451, which includes territorial courts created by "Act of Congress", is as follows:

iii). The term "court of the United States" includes the Supreme Court of the United States, courts of appeal, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

iv). In the Federal Code of Criminal Procedure (Title 18, United States Code), original jurisdiction over offenses against the United States is vested in Article

20

III district courts of the United States at 18 USC § 3231, which also preserves jurisdiction of laws and courts of the several States (Const., Art. III § 2.3):

## § 3231. District courts

v). The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

vi). Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

vii). Territorial courts ("United States District Courts") which have felony criminal jurisdiction for prosecution of crimes listed in Titles 18, 21, 26 and other titles of the United States Code are specifically enumerated at 18 USC § 23, and Rule 54(a), Federal Rules of Criminal Procedure, for the United States District Courts:

## § 23. Court of the United States defined

viii). As used in this title [title 18, United States Code], except where otherwise expressly provided the term "court of the United States" includes the District Court of Guam, the District Court of the Northern Mariana Islands, and the District Court of the Virgin Islands.

The section above was added by **P.L. 103-322, 1994.** Designations in **Rule 54(a),** below, are dated by removal of the Canal Zone from United States jurisdiction:

## Rule 54. Application and Exception

ix). (a) Courts. **These rules apply to all criminal proceedings in the United States District Courts;** in the District of Guam; in the District Court of the Northern Mariana Islands, except as otherwise provided in articles IV and V of the covenant provided by the Act of March 24, 1976 (90 Stat. 263); in the District Court of the Virgin Islands; and (except as otherwise provided in the Canal Zone) in the United States District Court for the District of the Canal Zone; in the United States Court of Appeals; and in the Supreme Court of the United States; except that the prosecution of offenses in the District Court of the Virgin Islands shall be by indictment or information as otherwise provided by law.

x). Authority of the various courts of the United States is determined by capacity: Under Article III of the Constitution, the judicial branch of United States Government operates independent of legislative and executive branches; under Article IV § 3.2, which vests Congress with plenary power over territory belonging to the United States, executive and judicial branches operate under congressionally delegated authority as the Constitution does not vest authority in or over territory belonging to the United States in the executive or judicial branches of government. Thus, the following statutes govern what executive or judicial functions may be exercised when delegated authority under Congress' Article IV § 3.2 legislative jurisdiction is conferred on the other branches.

## 4 USC § 71:

### § 71. Permanent seat of Government

xi). All that part of the territory of the United States included within the present limits of the District of Columbia shall be the permanent seat of government of the United States.

## 4 USC § 72:

§ 72. Public offices; at seat of Government

xii).  All offices attached to the seat of government shall be exercised in the District of Columbia, <u>and not elsewhere</u>, except as otherwise expressly provided by law.

Per 4 USC § 72, statutory authority is mandatory where executive or judicial entities operate in capacities which are under Congress' authority in the <u>geographical</u> United States, the mandate articulated in the following:

xiii).  Congress, having the <u>entire dominion and sovereignty, national and municipal, federal and state, over the territories of the United States</u>, so <u>long as they remain in the territorial condition</u>, may itself directly legislate <u>for any territory</u>, or may extend the laws of the United States over it, in any particular that Congress may think fit. U.S. v. McMillan, Utah 1897, 17 S.Ct. 395, 165 U.S. 504, 41 L.Ed. 805.

xiv).  The power of Congress over the territories of the United States is general and plenary, arising from and incidental to the right to acquire the territory itself, and from the power given by the Constitution **to make all needful rules and regulations respecting the territory or other property belonging to the United States.** Church of Jesus Christ v. U.S., Utah 1890, 10 S.Ct. 792, 136 U.S. 1, 34 L.Ed. 481.

xv). All territory within the jurisdiction of the United States not included in any state must necessarily be governed by or under the authority of Congress.

a). The territories are but political subdivisions of the outlying dominion of the United States. Their relation to the general government is much the same as that which counties bear to the respective states, and Congress may legislate for them, as a state does for its municipal organizations.

b). The organic law of a territory takes the place of a constitution as the fundamental law of the local government.

c). It is obligatory on and binds the territorial authorities; but Congress is supreme, and for the purposes of this department of its governmental authority has all the powers of the people of the United States except such as have been expressly or by implication reserved in the prohibitions of the Constitution. Per Waite, Ch. J., In Brunswick First Nat. Bank v. Yankton County, Dak. 1880, 101 U.S. 129, 25 L.Ed. 1046.

xvi). Thus, the Article IV United States District Court, operating subject to and as an extension of Congress' plenary power in the geographical United States, **is a legislative rather than judicial cou**rt – judicial officers of the United States District Court function in a ministerial or magistrate capacity rather than as true judges of independent courts. They are bound in all respects by congressional edict, thus rules and forums prescribed by English-American common law as contemplated by the "arising under" clause at Article III § 2.1, and the Fourth, Fifth, Sixth, and Seventh Articles of Amendment to the Constitution, are abandoned for Federal Rules of Evidence and Procedure which merge Civil Law and Maritime Law under Admiralty rules.

xvii). Conclusions advanced supra are supported by Advisory Committee Notes for 1972 Proposed Rules, **published following Rule 1101, Federal**

**Rules of Evidence, in the note to subdivision (a), reproduced here in relative part:**

> Note to Subdivision (a). The various enabling acts contain differences in phraseology in their descriptions of the courts over which the Supreme Court's power to make rules of practice and procedure extends. The act concerning civil actions, as amended in 1966, refers to "the district courts *** of the United States in civil actions, including admiralty and maritime cases. *** "28 U.S.C. § 2072, Pub. L. 89-773, § 1, 80 Stat. 1323 ... The provisions as to criminal rules up to and including verdicts applies to "criminal cases and proceedings to punish for criminal contempt of court in the United States district courts, in the district courts for the districts of the Canal Zone and Virgin Islands, in the Supreme Court of Puerto Rico, and in proceedings before United States magistrates." 18 U.S.C. § 3771.

xviii). These various provisions do not in terms describe the same courts. In congressional usage the phrase "district courts of the United States," without further qualification, traditionally has included the district courts established by Congress in the states under Article III of the Constitution, which are "constitutional" courts, and has not included the territorial courts created under Article IV, Section 3, clause 2, which are "legislative" courts. Hornbuckle v. Toombs, 85 U.S. 648, 21 L.Ed. 966 (1873).

a). However, any doubt as to the inclusion of the District Court for the District of Columbia in the phrase is laid to rest by the provisions of the Judicial Code constituting the judicial districts, 28 U.S.C. § 81 et seq., creating district courts therein, id. § 132, and specifically providing that the term "district court of the

25

United States" means the court so constituted. Id. § 451. The District of Columbia is included. Id. § 88.

b). Moreover, when these provisions were enacted, reference to the District of Columbia was deleted from the original civil rules enabling act. 28 U.S.C. § 2072. Likewise, Puerto Rico is made a district, with a district court, and included in the term. Id. § 119. The question is simply one of the extent of the authority conferred by Congress. With respect to civil rules it seems clearly to include the district courts in the state, the District Court for the District of Columbia, and the District Court for the District of Puerto Rico.

[discussion of bankruptcy courts omitted]

[discussion of admiralty jurisdiction omitted]

c). The criminal rules enabling act specified **United States district courts, district courts for the district of the Canal Zone and the Virgin Islands,** the Supreme Court of the Commonwealth of Puerto Rico, and proceedings before United States commissioners. Aside from the addition of commissioners, now magistrates, this scheme differs from the bankruptcy pattern in that it makes no mention of the District Court of Guam but by specific mention removes the Canal Zone from the doubtful list.

d). The further difference in including the Supreme Court of the Commonwealth of Puerto Rico seems not to be significant for present purposes, since the Supreme Court of the Commonwealth of Puerto Rico is an appellate court. **The Rules of Criminal Procedure have not been made applicable to it, as being unneeded and inappropriate, Rule 54(a) of the Federal Rules of Criminal Procedure, and the same approach is indicated with respect to rules of evidence.**

26

e). Researching the frame a rule governing the applicability of the proposed rules of evidence in terms of the authority conferred **by the three enabling acts, an irregular pattern would emerge as follows:**

**Civil actions, including admiralty and maritime cases – district courts in the states, District of Columbia, and Puerto Rico.**

f). Bankruptcy – same as civil actions, plus Guam and Virgin Islands.

g). Criminal cases – same as civil actions, plus Canal Zone and Virgin Islands (but not Guam).

This irregular pattern need not, however, be accepted. Originally the Advisory Committee on the Rules of Civil Procedure took the position that, although the phrase "district courts of the United States" did not include territorial courts, provisions in the organic laws of Puerto Rico and Hawaii would make the rules applicable to the district courts thereof, though this would not be so as to Alaska, the Virgin Islands, or the Canal Zone, whose organic acts contained no corresponding provisions. At the suggestion of the Court, however, the Advisory Committee struck from its notes a statement to the above effect. 2 Moore's Federal Practice & 1.07 (2nd ed. 1967); 1 Barron and Holtzoff, Federal Practice and Procedure § 121 (Wright ed. 1960). Congress thereafter should apply to the district courts of Hawaii, 53 Stat. 841 (1939), Puerto Rico, 54 Stat. 22 (1940), Alaska, 63 Stat. 445 (1949), Guam, 64 Stat. 384-390 (1950), and the Virgin Islands, 69 Stat. 497, 507 (1954).

xix). The **original enabling act** for rules of criminal procedure specifically mentioned the district courts of the Canal Zone and the Virgin Islands. The Commonwealth of Puerto Rico was blanketed in by creating its court a "district

27

court of the United States" as previously described. Although Guam is not mentioned in either the enabling act or in the expanded definition of "district of the United States," **the Supreme Court in 1956 amended Rule 54(a) to state that the Rules of Criminal Procedure are applicable in Guam**.

xx).  The Court took this step following the enactment of legislation by Congress in 1950 that rules theretofore or thereafter promulgated by the Court in civil cases, admiralty, criminal cases and bankruptcy should apply to the District Court of Guam, 48 U.S.C. § 1424(b), and two Ninth Circuit decisions upholding the applicability of the Rules of Criminal Procedure to Guam. Pugh v. United States, 212 F.2d 761 (9th Cir. 1954); Hatchett v. Guam, 212 F.2d 767 (9th Cir. 1954); Orfield, The Scope of the Federal Rules of Criminal Procedure, 38 U. of Det. L.J. 173, 187 (1960).

## HISTORY OF RULES

1).  From this history, the reasonable conclusion is that Congressional enactment of a provision that rules and future amendments shall apply in the courts of a territory or possession is the equivalent to mention in an enabling act and that a rule on scope and applicability may properly be drafted accordingly. Therefore the pattern set by Rule 54 of the Federal Rules of Criminal Procedure is here followed.

**The substitution of magistrates in lieu of commissioners is made in pursuance of the Federal Magistrates Act, P.L. 90-578, approved October 17 1968, 82 Stat. 1107.**

a).  The scheme is somewhat more on point in the Advisory Committee Notes on adoption for 1944, in discussion of **what was then Rule 54(a)(1):**

28

b).  Note to Subdivision (a)(1). 1. The Act of June 28, 1940 (54 Stat. 688; 18 U.S.C. former § 687 [now § 3771]), authorizing the Supreme Court to prescribe rules of criminal procedure for the district courts of the United States in respect to proceedings prior to and including verdict or finding of guilty or not guilty or plea of guilty, is expressly applicable to the district courts of Alaska, Hawaii, Puerto Rico, Canal Zone, Virgin Islands, the Supreme Courts of Hawaii and Puerto Rico, and the United States Court for China.

> This is likewise true of the Act of February 24, 1933 (47 Stat. 904; 18 U.S.C. former § 688 [now § 3772], authorizing the Supreme Court to prescribe rules in respect to proceedings after verdict or finding or after plea of guilty. In this respect these two statutes differ from the Act of June 19, 1934 (48 Stat. 1064; 28 U.S.C. former §§ 723b, 723c [now § 2072], authorizing the Supreme Court to prescribe rules in respect to proceedings after verdict or finding or after plea of guilty. The last-mentioned Act comprises only district courts of the United States and the courts of the District of Columbia. The phrase "district courts of the United States" was held not to include district courts in the territories and insular possessions, Mookini v. United States, 303 U.S. 201, 58 S.Ct. 543, 82 L.Ed. 748, conformed to 95 F.2d 960.

2. The seeming confusion is reasonably easy to straighten out; Just as there are two distinct court systems – the Article III judicial district courts of the United States and the Article IV legislative-territorial courts, the United States District Courts – there are two distinct systems of law.

i). The Article III district courts of the United States operate within rules and forums of English-American common law contemplated by the "arising under"

29

clause at Article III § 2.1, where the Article IV United States District Court operates under Federal Rules of Criminal Procedure, Federal Rules of Evidence, etc., which accommodate Civil Law, imposing Admiralty rules, and presumptions, which join Civil Law and Maritime Law into an indistinguishable system. Civil Law process is both foreign and repugnant to the Constitution of the United States, and where criminal matters are concerned, is contrary to the Fifth Amendment due process clause.

ii). In order to straighten out the distinction, there was a correction of the Supreme Court order pertaining to criminal rules of procedure from December 26, 1944 to December 27, 1948. The first portion of the 1944 order is set out below:

**Orders over the years until you dispute this fact**

**ORDER OF DECEMBER 26, 1944**

It is ordered that Rules of Criminal Procedure **for the District Courts of the United States governing proceedings in criminal cases prior to and including verdict, finding of guilty or not guilty by the court, or plea of guilty, be prescribed pursuant to the Act of June 29, 1940, c. 445, 54 Stat. 688, 18 U.S.C.A. § 687 ...**

Following a 1948 judicial conference at which some of the Alice In Wonderland wording was straightened out, **the Supreme Court issued the following corrective order:**

**ORDER OF DECEMBER 27, 1948**

The following order was adopted by the Supreme Court on December 27, 1948.

1. That the title of the Federal Rules of Criminal Procedure be, and is hereby is, amended to read as follows:

**Rules of Criminal Procedure for the United States District Courts**.

The formal title, and proper application of the Federal Rules of Criminal Procedure for the **United States District Courts has remained essentially the same since. Section 1 of the most recent order affirms application, as follows:**

## ORDER OF APRIL 23, 1996

That the Federal Rules of Criminal Procedure for the United States District Court be, and they hereby are, amended …

Rule 1 for the United States District Courts, Federal Rules of Criminal Procedure, is as follows:

## Rule 1. Scope

These rules govern the procedure in all criminal proceedings in the courts of the United States, as provided in Rule 54(a); and, whenever specifically provided in the rules, to preliminary, supplementary, and special proceedings before United States magistrate judges and at proceedings before state and local judicial officers.

Rule 54(a), supra, in relevant part, affirms the assertion that the rules apply only to proceedings in Article IV United States District Courts: "(a) Courts. These rules apply to all criminal proceedings in the United States District Court…"

31

**I, will, point to : 18 USC § 3231, in compliance with 4 USC § 72, vests authority in Article III district courts of the United States:**

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

a). point of order district court of the United States nor United State District Court or United State District Court of the District of Maryland

## Rule 54(c ) defines, or applies, the term "State", in a stand-alone position, as follows:

"State" includes District of Columbia, Puerto Rico, territory and insular possession.

The Rule 54(c ) application for the term "Act of Congress" narrows down the matter of where any given legislation is applicable:

"Act of Congress" includes any act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession.

## Constitution and Act of Congress facts unless these fact can be disputed

1. The various Acts of Congress promulgated under Article IV § 3.2 authority are applicable in and limited to Congress' legislative jurisdiction over territory belonging to the United States.

2. This authority does not reach the Union of several States party to the Constitution and the American people at large. Further, Civil Law, which can

be likened to admiralty or executive rule over conquered peoples, cannot extend inland to the Union of several States party to the Constitution.

3. Therefore, Article III district courts of the United States, located in the Union of several States, are obliged to operate within rules and forums prescribed by the English-American common law at the time the Constitution (1789) and the Bill of Rights (1791) were implemented.

4. The American people carry the constitutionally secured right to substantive due process of law, as contemplated by the "arising under" clause at Article III § 2.1, and the Fourth, Fifth, Sixth, and Seventh Amendments, The constitutionally secured rights of the people, along with unalienable and inherent rights not enumerated (Ninth Amendment), are antecedent to constitutionally enumerated powers delegated to the United States (Tenth Amendment).

5. Article III district courts of the United States are vested with original jurisdiction regarding felony crimes against the United States (18 USC § 3231, 1st paragraph), within jurisdiction of the geographical United States, as defined at 21 USC § 7.

6. The Article III district court of the United States, as defined at 28 USC § 451, must operate within rules and forums prescribed by law, as contemplated by the "arising under" clause at Article III § 2.1, and the Fourth, Fifth, Sixth, and Seventh Amendments.

7. Article IV United States District Courts empowered by statute at 18 USC § 23 (Guam, Northern Mariana Islands, and the Virgin Islands), and Rule 54(a), F.R.Crim.P. for the United States District Courts, (Guam, the Northern Mariana Islands, the Virgin Islands, and formerly, the Canal Zone), may prosecute

felony offenses prescribed in Title 18 and other titles of the United States Code. These Article IV courts, and United States District Courts located in the Union of several States party to the Constitution, operate under the Federal Rules of Criminal Procedure and the Federal Rules of Evidence, both written specifically for United States District Courts.

8. Congress established Article IV territorial courts within the Union of several States. United States District Courts located in the Union of several States accommodate the Federal Magistrate System whereas the District of Maryland has Magistrates to set in place of a judge.

9.The responsibility of this system is limited to misdemeanor and petty offenses committed on/within Federal territory within the Union of several States where the United States has secured exclusive or concurrent jurisdiction in compliance with provisions of Article I § 8.17 of the Constitution, and/or 40 USC § 255:

a). the United States must secure title to land;

b).  the State legislature must cede jurisdiction; Government Code Title 10. general government Subtitle E. government property chapter 2204. acquisition of land for state and federal purposes subchapter a. acquisition of land by state

c).  the United States must formally accept jurisdiction and proof jurisdiction over the land upon it claim a crime has been committed

d).  6th amendments the people are to be tried where the crimes has been committed

34

e). The Constitutional grant for Congress to secure jurisdiction is at Article I §
f). 17, and is limited to the seat of government (District of Columbia), forts, magazines, arsenals, dockyards, and other needful buildings.

g). However, two categories of land were retained by the United States in States admitted to the Union after about 1870: Lands set aside by treaty as Native American Indian reservations, and unappropriated public lands, most of which are designated as national parks and forests.

h). Rule 54(b)(4) leads the way to determining subject matter jurisdiction of United States District Courts located in the Union of several States:

i). (4) Proceedings Before United States Magistrate Judges. Proceedings involving misdemeanor and other petty offenses are governed by Rule 58.

## Magistrate Judge defined to operate in the District Court for territory unless it can be disputed

1. The United States magistrate judge, created and duties prescribed at 28 USC §§ 631-639, is almost as illusive as the United States District Court: Originally he was a national park commissioner, required to live in or near the national park where he would serve as commissioner. He has gone through several title changes, including United States commissioner and United States magistrate, until finally settling into black robes under the current handle – United States magistrate judge. The term "judge" is a misleading as defined in statutes.

2. However, the United States Magistrate System, accommodated by United States District Courts within the Union of several States, **is governed by 18 USC § 3401 – misdemeanors and application of probation laws. Subject**

35

**matter jurisdiction** comes primarily from other titles of the United States Code.

3. The Federal Magistrate System has been implemented under regulations promulgated by the Defense Logistics Agency, relating to military installations (32 CFR, Part 1290.1 et seq.), and the Bureau of Land Management, relating to national parks, forests, etc. (43 CFR, Part 9260.0-1, et seq.). Department of Justice regulations governing proceedings are at 28 CFR, Part 52.01, et seq.

4. Limitations on the United States magistrate judge are found at Rule 5, F. R. Crm.P. for USDC, subsections (b) and (c ), as applicable:

a). Misdemeanors and Other Petty Offenses. If the charge against the defendant is a misdemeanor or other petty offenses triable by a United States magistrate judge under 18 U.S.C. § 3401, the magistrate judge shall proceed in accordance with Rule 58.

b). Offenses not Triable by the United States Magistrate Judge. If the charge against the defendant is not triable by the United States magistrate judge, the defendant shall not be called upon to plead.

c). Any of the American people is triable by a United States magistrate judge as he has no authority in law – not law which may be imposed on the sovereign American people. To demonstrate, it is useful to consider the scope of Federal Rules of Civil Procedure for the United States District Courts (Supreme Court of the United States order. December 29, 1948), as articulated in Rules 1 and 2:

**Rule 1. Scope and Purpose of Rules.**

36

These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

## Rule 2. One Form of Action.

**There shall be one form of action to be known as "civil action".**

Law and equity, law being English-American common law, simply do not mix or merge. They are two distinct systems. And that is more certainly the case for admiralty, the law of the sea. In Article III § 2.1 of the Constitution, law and equity are two distinct classes of case covered by the "arising under" clause, and admiralty and maritime cases, as well as jurisdiction, are distinct and separate – law and equity are applicable within the Union of several States; admiralty and maritime jurisdiction follows the ebb and flow of the sea under United States jurisdiction.

The nature of the Federal State – a territory of the United States – was articulated in Ex parte Morgan, D.C.Ark. 1883, 20 F. 298:

Congress stands supreme in territories of the United States; Congress may exercise only constitutionally delegated authority where the Union of several States party to the Constitution and the sovereign American people are concerned. This is tacitly articulated in the historical note following repealed 48 USC § 1490, which sheds light on the approximate state of affairs in about 1951:

## HISTORICAL NOTE

The source of most sections in this chapter [Provisions of a General Nature relating to United States territories and possessions] is the Revised Statutes enacted in 1873 and other early statutes. The Revised Statutes can no longer apply to contiguous territory, Alaska, Guam, Hawaii, Puerto Rico, and the Virgin Islands each has its own organic act, providing a complete system of government, legislative, executive, and judicial.

Each of the territories named above had United States territorial courts, known after 1948 as United States District Courts, **and most were named at one time or another in Rule 54(a),** Federal Rules of Criminal Procedure for United States District Courts, as having general jurisdiction to prosecute crimes against the United States.

Since the historical note was written, Puerto Rico adopted a constitution and became a commonwealth, although remaining under Congress' Article IV § 3.2 legislative jurisdiction (1953), and Alaska and Hawaii were admitted to the Union of several States party to the Constitution (1959). Congress has since conferred status as "citizen of the United States" on citizens of Guam and American Samoa – citizens of Puerto Rico are citizens of the geographical United States, as are citizens of the District of Columbia.

Article IV United States District Court wasn't finalized until 1948, United States territorial courts have been around since the United States began aggressive expansion. The character of the courts, and source of authority, was addressed by Chief Justice Marshall in American Insurance Co. v. 356 Bales of Cotton, 1 Pet. 511 (1828):

> These territorial courts then, are not Constitutional courts, in
> which the judicial power conferred by the Constitution on the

general government can be deposited. They are incapable of receiving it. They are legislative courts, created in virtue of the general rights of sovereignty which exists in the government, or in virtue of the clause which enables Congress to make all needful rules and regulations respecting the territory belonging to the United States. The jurisdiction with which they are invested, is not a part of that judicial power which is defined in the 3d article of the Constitution, but is conferred by Congress, in the execution of those general powers which that body possesses over the territories of the United States. Although admiralty jurisdiction can be exercised in the States in those courts only which are established in pursuance of the 3d article of the Constitution, the same limitation does not extend to the territories. In legislating for them, Congress exercises the combined powers of the general and of the State government.

A more contemporary, and definitive, statement which specifically addresses the "United States District Court" was made in Balzac v. Porto Rico, 258 U.S. 298 at 312 (1921):

The United States District Court is not a true United States court established under Article III of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under Article IV, Section 3 of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts in offering an opportunity to nonresidents of

39

resorting to a tribunal not subject to local influence does not change its character as a mere territorial court.

"The United States District Court has only such jurisdiction as Congress confers." Eastern Metals Corp. v. Martin, 191 F. Supp. 245 (D.C.N.Y. 1960).

The nature of the United States District Court is characterized by the United States magistrate judge. The United States magistrate judge holds an administrative office – he has only a ministerial capacity, he does not have a true judicial capacity.

He is appointed by Article III judges, but they are carrying out delegated administrative responsibilities relating to an administrative, quasi-judicial system known as the Federal Magistrate System, accommodated by the legislative-territorial United States District Court. As other administrative agencies, the Federal Magistrate System must

(1) operate within the confines of special law (4 USC § 72), and (2) there must be implementing regulations which prescribe application of the law (44 USC § 1505(a) and 5 USC § 552).

Special law which implements the Federal Magistrate System for the United States District Court located in the Union of several States is 18 USC § 3401, along with various other provisions in titles 16, 18, etc., and the regulations are those promulgated by the Defense Logistics Agency and Bureau of Land Management, cited supra. The United States District Court for the Northern District of Oklahoma, and all other United States District Courts located in the Union of several States party to the Constitution, have no authority beyond that prescribed by 18 USC § 3401 and attending regulations.

40

**Foundation is found at 28 USC § 2072,** which extends authority for the Supreme Court of the United States to promulgate rules for the United States District Courts. **In subsection (b), there are two defaults so far as application of the rules and limits of territorial authority:**

a). Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

The American people are assured of substantive due process of law, being English-American common law process and forums, as contemplated by the "arising under" clause at Article III § 2.1 and the Fourth, Fifth, Sixth, and Seventh Amendment to the Constitution.

Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, and Federal Rules of Evidence, implement Civil Law, as does appeal rules predicated on rules for the United States District Court, the Civil Law being a form of law both foreign and repugnant to the Constitution.

Therefore, rules promulgated by the Supreme Court of the United States under authority of 28 USC § 2072 cannot extend to and adversely affect the American people and the Union of several States party to the Constitution. The Fifth Amendment due process clause serves as an absolute ban so far as the American people are concerned:

**No person shall … be deprived of life, liberty, or property, without due process of law …**

41

So far as the Union of several States and the American people are concerned, Congress may not delegate legislative authority to the other branches of government. \

The separation of powers contemplated by the Constitution presumes that legislative, executive, and judicial branches of government will operate independently, with each carrying out power delegated to it without assuming powers or delegating powers to the others.

In a dissenting position taking exception to the Supreme Court order of February 28, 1966, Justice Black cited a position he and Justice Douglas previously took: In a statement accompanying a previous transmittal to the civil rules, MR. JUSTICE DOUGLAS AND I said:

"**MR. JUSTICE BLACK AND MR. JUSTICE DOUGLAS** are opposed to the submission of these rules to the Congress under a statute which permits them to 'take effect' and to repeal 'all laws in conflict with such rules' without requiring any affirmative consideration, action, or approval of the rules by Congress or by the President. We believe that while some of the Rules of Civil Procedure are simply housekeeping details, many determine matters so substantially affecting the rights of litigants in lawsuits that in practical effect they are the equivalent of now legislation which, in our judgment, the Constitution requires to be initiated in and enacted by the Congress and approved by the President. The Constitution, as we read it, provides that all laws shall be enacted by the House, the Senate, and the President, not by the mere failure of Congress to reject proposals of an outside agency. ***" (Footnotes omitted.) 374 U.S. 865-866.

So far as Congress' delegated power is concerned, Federal rules of procedure and evidence go much further than simply making new law – they accommodate Civil Law, which is not authorized or recognized by the Constitution, and even if Civil Law was authorized, merging of law, equity and admiralty into a single system with universal application, contrary to clear divisions set out in Article III § 2.1 of the Constitution, would amount to Congress authorizing the judicial branch of government to unilaterally amend the Constitution. The Constitution does not provide the judicial branch of the Federal government a role in amending the Constitution. Nor do Congress or the President have authority to delegate their respective roles in national government to other branches – each branch must function in its own capacity, as powers of the various offices are specifically delegated by the Constitution.

Therefore, all rules promulgated under authority of 28 USC § 2072 must be applicable only to the geographical United States under Congress' Article IV§ 3.2 legislative jurisdiction, or they must be defaulted due to the judicial branch of government lacking constitutionally-vested legislative authority, and no authority to unilaterally amend the Constitution.

The United States District Court for the District of Maryland, and all other United States District Courts located in the Union of several States party to the Constitution, do not have statutory or regulatory authority to prosecute felony crimes even when said crimes are committed on Federal enclaves located in the Union of several States, as defined at 18 USC § 7(3).

The United States District Court for the District of Maryland , and all other United States District Courts located in the Union of several States party to the Constitution, are legislative-territorial courts that have no authority whatever beyond United States jurisdiction within the Union of several States save on

Federal enclaves, defined at 18 USC § 7(3) and secured in accordance with provisions of Article I § 8.17 of the Constitution and 40 USC § 255.

The United States District Court for the District of Maryland , and all other United States District Courts located in the Union of several States party to the Constitution, impose a merged system of Civil Law and Maritime Law, under modernized Admiralty rules, and are therefore incompetent at law as contemplated by the "arising under' clause at Article III § 2.1 and the Fourth, Fifth, Sixth, and Seventh Articles of Amendment to the Constitution. Therefore, they may not deprive the sovereign American people of life, liberty, or property.

Petitioner alleges that agencies of the United States, including the office of the United States Attorney for the District of Maryland, and the Department of Justice of the United States, and the Internal Revenue Service, the latter an agency of the Department of the Treasury, Puerto Rico, operating in the Continental United States as an independent contractor to provide systems development and record-keeping services for the Treasury of the United States, and the Article IV legislative-territorial United States District Court for the Northern District of Oklahoma, lack five essential elements of authority to prosecute the instant matter in the Union of several States party to the Constitution of the United States, the Oklahoma republic included.

**The five essential elements are as follows:**

**By Executive Order to apply to Federal Agencies**

**unless you can dispute Executives orders applies to the people**

1. The agency, department, or court must operate within the framework of powers delegated to the United States, principally via powers delegated to Congress via Article I § 8 of the Constitution (governed by the Tenth Article of Amendment, Constitution of the United States);

2. All departments of United States Government, including the United States District Court, may operate only within the current borders of the Seat of Government, being the District of Columbia, (4 USC § 71), and may not operate beyond the Seat of Government unless they are authorized to operate elsewhere by special law (4 USC § 72), and then must operate within confines prescribed by said law;

3. When Congress by statute vests the President of the United States with authority, the President may delegate the authority by Executive Order, providing the Executive Order is published in the Federal Register, giving the general population notice of authority delegation (3 USC § 301);

4. When the President delegates authority to an administrative agency head or an executive officer such as the Secretary of the Treasury, Attorney General, etc., or Congress by statute vests authority in an executive officer, the officer may re-delegate authority to others within affected agencies in compliance with requirements of the Federal Register Act by publishing such delegation in the Federal Register (44 USC § 1505(a));

5. And the executive officer or agency head in whom administrative authority for any given title or chapter of the United States Code is vested must publish general regulations in the United States Code is vested must publish general regulations in the Federal Register for all statutes that have general application, per mandate of the Administrative Procedures Act (5 USC § 552) and the

45

Federal Register Act (44 USC §§ 1501 et seq., specific publishing requirements at § 1505(a)).

6. I will, alleges that where matters at hand are concerned, the decision in United States vs. Constantine, 296 U.S. (Dec. 1935), has significance as this decision was responsible for amalgamation of fraud presently perpetrated in large part by the Internal Revenue Service, and has a bearing on matters at hand.

7. The Constantine case came shortly after ratification of the Twenty-First Amendment in 1933, which repealed the Eighteenth Amendment, the Eighteenth responsible for national prohibition. Section 2 of the Eighteenth Amendment gave State officials and officials of the United States concurrent jurisdiction with respect to laws affecting production and distribution of intoxicating liquors (distilled spirits in general). When the Twenty-First Amendment repealed the Eighteenth, each State was empowered to make its own laws relating to production and distribution of intoxicating liquors, and the Federal Government lost the constitutionally delegated authority for concurrent jurisdiction relating to State liquor laws, taxes, etc.

8. As a result of the Constantine decision, administration of the Federal Alcohol Administration Act (enacted in 1935, seemingly intended to replace 1926 Federal legislation) was moved off shore under authority of the Bureau of Internal Revenue, Puerto Rico, via Reorganization Plan No. III of 1940—the historical note located on page 794 of the United States Government Manual, 1995/96 edition, lists the Internal Revenue Service as successor of the Federal Alcohol Administration, but the name of the IRS predecessor in existence in 1940 was the Bureau of Internal Revenue,(BIR) not the Internal Revenue Service (IRS). It is significant that Congress never created a "Bureau of Internal

Revenue". The name changed from BIR to IRS was done via T.D.O. No. 150-29, in 1953. The linking U.S. Government Manual note follows:

**The following cites from the Constitution of the United States verify that authority was vested in a national government to be known as the United States:**

## Article I § 1.

Section 1. All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.

## Article I § 8.

Section 8. The Congress shall have Power to lay and collect Taxes, Duties, Imposts and Excises, to pay Debts and provide for the common Defense and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States.

[Art. I § 8.17] To exercise exclusive Legislation in all cases whatever, of such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dock Yards, and other needful Buildings.

What may appear to be an equivocation relating to the President, as chief executive of the United States, isn't. He is elected by an at-large vote which begins with the qualified voters of the several States, then is finally confirmed by the Electoral College, comprised of representatives of the several States. He is therefore President of the United States of America, being the Union of several States party to the Constitution, and he is seated as President of the United States, being the national government vested with power by the Constitution.

## Article II § 1.1

Section 1. The Executive Power shall be vested in a President of the United States of America. He shall hold his office during the Term of four years, and, together with the Vice President, chosen for the same term, be elected …

[Art. II § 1.8] Before he enter on the Execution of his Office, he shall take the following Oath or Affirmation: -- "I do solemnly swear (or affirm) that I will faithfully execute the office of the President of the United States, and will to the best of my Ability, preserve, protect and defend the Constitution of the United States."

Likewise, the judicial power of the United States is authorized in Article III of the Constitution – there is no reference to or authority vested in the "United States of America".

## Article III § 1

Section 1. The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish...

The Constitution itself requires fidelity to the Constitution and laws of the United States, not the United States of America:

### Art. VI, cls. 2 & 3:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the authority of the United States, shall be the supreme Law of the Land...

The Senators and Representatives before mentioned, and the members of the several State Legislatures, and all executive and judicial officers, both of the United States and the several States, shall be bound by Oath or Affirmation, to support this Constitution...

The Tenth Article of Amendment, which frames the Separation of Powers Doctrine so far as separation between State and Federal authority are concerned, stands as a bar to Congress or the Executive conferring authority to another entity other than the United States:

The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are preserved to the States respectively, or to the people.

Even in territory belonging to the United States, Congress is vested with responsibility relating to the "United States", not the "United States of America";

## Article IV § 3.2:

The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States...

This trust is preserved in the United States Code in general, with the exception being Title 48 of the United States Code, relating to territories and insular possessions of the United States. So far as Titles 18, 19, 21, 26 and 28 are concerned, the "United States" is the principal of interest as plaintiff, defendant, or prosecuting party. Statutes from Titles 18 and 28 verify this allegation:

28 USC §§ 1345 & 1346:

## § 1345. United States as plaintiff

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States...

## § 1346. United States as defendant

1). The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

2). Any civil action against the United States, for the recovery of any internal-revenue tax...

50

3). Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress.

4). Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages…

## Title 18, the United States Code of Criminal Procedure, lists only offenses against the United States, not the "United States of America";

18 USC § 3231:

### § 3231. District Courts

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof. [see 18 USC § 7(3) for special maritime and territorial jurisdiction of the United States within the Union of several States party to the Constitution]

If naming the "United States of America" as a principal of interest was merely a clerical error, it might be considered harmless. However, both the United States Code and the Code of Federal Regulations convey an amount of authority to the "United States of America", as distinguished from the "United States", so there is conclusively a difference between the two so far as statutory authority,

regulations, and jurisdiction in which the "United States of America" has standing as a principal of interest. Of particular note, the "United States of America" is principal of interest where crimes against laws of the United States are committed in Puerto Rico and the Virgin Islands, as stipulated at 48 USC §§ 874 & 1406f:

§ 874. Judicial process; officials to be citizens of the United States; oaths.

All judicial process shall run in the name of the "United States of America, ss, the President of the United States", and all penal or criminal prosecution in the local courts shall be conducted in the name and by the authority of "The People of Porto Rico [Puerto Rico]", and all officials shall be citizens of the United States, and, before entering upon the duties of their respective offices, shall take an oath to support the Constitution of the United States and the laws of Porto Rico [Puerto Rico].

## § 1406f. Judicial process; title of criminal prosecution

All judicial process shall run in the name of the "United States of America, scilicet, the President of the United States", and all penal and criminal prosecutions in the local courts shall be conducted in the name and by the authority of "The People of the Virgin Islands of the United States".

Both Puerto Rico, formerly Porto Rico, and the Virgin Islands, were among the island nations won from Spain in the Spanish-American War. Other island nations and territories conceded at conclusion of the Spanish-American War included Guam, what is now known as American Samoa, and the Philippines. The Philippines Islands became an independent commonwealth in 1946.

From the time of Spanish acquiescence, the United States ruled these island acquisitions as captured territories under military rule. Thus, the executive authority extended over the courts – "United States of America, ss [scilicet], President of the United States", in the chief executive's capacity as commander in chief of the United States military. Military rule is equivalent to admiralty rule, or in another light, rule under martial law.

The President's authority as Commander in Chief of the military is at Article II

### § 2:

Section 2. The President shall be Commander in Chief of the Army and Navy of the United States, and of the Militia of the several States, when called into the actual Service of the United States…

Again, constitutionally delegated authority rests in the President's capacity as chief executive officer of the United States, not the United States of America, and even when the United States is the principal, the Constitution extends authority for the presence and exercise of military authority in the Union of several States only under three conditions, two specified at Article IV 4 of the Constitution:

Section 4. The United States shall guarantee to every State in this Union a Republican Form of Government and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence.

Exercise of presidential admiralty-martial law authority within the Union of several States party to the Constitution is authorized only (1) in the event of invasion (war), or (2) in the event of civil uprising. The third possibility is when laws of the Union, promulgated under Congress' delegated power, are

53

being blatantly ignored or refuted. However, it is the antecedent responsibility of Congress to authorize whatever United States initiative of this sort there is, as specified at Article I § 8.15:

> [The Congress shall have Power] To provide for calling forth the militia to execute the Laws of the Union, suppress insurrection and repel Invasions…

Clearly, military-martial law authority can spread inland to the Union of several States only in the event of actual invasion, and must be focused on invading forces, and only in the event of rebellion which is physically confrontational and of magnitude enough that legislatures or chief executives of the several States formally request that Congress provide Federal assistance. It is, in fact, the right of the people to demand and peacefully work for government correction or change. So far as United States Government is concerned, the corpus of the constitutionally secured rights is in the First Article of Amendment:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof: or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

State constitutions all have corresponding provisions, with most reaching even further to explicitly or implicitly include principles set out in the Declaration of Independence. The people are ultimately and finally sovereign, with governments in the American system of constitutional republics authorized only to perform those powers specifically enumerated in applicable constitutions. Constitutionally secured rights articulated in the First Article of Amendment accommodate a wide range of remedies, and when understood in

54

the context of English-American lineage common law, a wide range of political and legal instruments that can be deployed for curative remedies.

Unfortunately, territories belonging to the United States or otherwise subject to Congress' Article IV § 3.2 power, supra, do not enjoy the same benefits and protections afforded the Union of several States party to the Constitution and the sovereign American people indigenous to the Union of several States. This was the case for the Hawaiian Islands, taken by force, despite having treaties with the United States, in 1893, Puerto Rico, the Philippines Islands, Guam, etc., taken in the Spanish-American War (1898), other territories of the United States until admitted to the Union, and more recently, Pacific trust territories put under United States custodial care by way of the United Nations. Until the 1930's, the United States noncontiguous possessions were for the most part governed by provisional governments established under United States military authority, in stages being transferred to the Department of the Interior, but ultimately under a memorandum of agreement between the military and the Secretary of State. Thus, the "executive" authority under the President's capacity as Commander in Chief and government of territory belonging to the United States.

The Constitution does not extend authority pertaining to territory belonging to the United States to executive or judicial branches of government. Therefore, both executive and judicial branches operate as agents of and subservient to Congress in all matters relating to territories of the United States. Analogously, this arrangement effects a vertical stack where all three branches of Federal Government operate in a single line of authority – what has been described as a legislative democracy – rather than three independent branches as contemplated by the Constitution.

A sense of this was articulated in U.S. vs. McMillan, Utah 1897, 17 S.Ct. 395, 165 U.S. 504, 41 L.Ed. 805:

Congress, having the entire dominion and sovereignty, national and municipal, federal and state, over the territories of the United States, so long as they remain in the territorial condition, may itself directly legislate for any territory, or may extend the laws of the United States over it, in any particular that Congress may think fit.

In Murphy v. Ramsey, Utah 1885, 5 S.Ct. 747, 114 U.S. 15, 29 L.Ed. 47, the decision rationalized congressional edict predicated on authority of the sovereign people:

The people of the United States, as sovereign owners of the national territories, have supreme power over them and their inhabitants. In the exercise of this sovereign dominion they are represented by the government of the United States, to whom all the powers of government over that subject have been delegated, subject only to such restrictions as are expressed in the constitution or are necessarily implied in its terms.

All authority respecting territory belonging to the United States is vested in Congress, and as the single authority in United States Government, Congress has plenary, or what might better be described as permissive authority respecting territory belonging to the United States – all authority which is not expressly or implicitly prohibited by the Constitution. For all practical purposes, this is the antipodes of Congress' authority respecting the Union of several States party to the Constitution. Congress may do pretty well as Congress pleases in the geographical United States (territory belonging to the

United States); Congress has restricted, specifically enumerated powers so far as the Union of several States and the sovereign people are concerned.

On the surface, it might appear that the "United States of America" is merely a fabrication representative of the [u]nited States of America, with the President exercising admiralty-martial law authority in Puerto Rico and the Virgin Islands on behalf of the Union of several States party to the Constitution, but in reality, the "United States of America" is a coalition or political compact of Federal territories, also known as States, and the United Nations trust territories, known as the "United States of America".

The "United States of America" appears as a principal of interest in Attorney General delegations of authority at 28 CFR, Part 0.64-1:

> § 0.64-1 Central or Competent Authority under treaties and executive agreements on mutual assistance in criminal matters.

The Assistant Attorney General in charge of the Criminal Division shall have the authority and perform the functions of the "Central Authority" or "Competent Authority" (or like designation) under treaties and executive agreements between the United States of America and other countries on mutual assistance in criminal matters which designate the Attorney General or the Department of Justice as such authority. The Assistant Attorney General, Criminal Division, is authorized to redelegate this authority to the Deputy Assistant Attorneys General, Criminal Division, and to the Director and Deputy Directors of the Office of International Affairs, Criminal Division.

Again, the Constitution and Titles 18, 19, 21, 26, 28 and other titles of the United States Code vest authority in the United States, not the United States of America, yet the United States of America, under the President's admiralty-martial law authority over conquered peoples, appears in Title 48 of the United States Code, supra, and again in Attorney General delegations of authority. The authority is connected to applicable law which authorizes the treaty, Public Law 95-144 (18 USC §§ 4100 et seq.) at 28 CFR, Part 0.64-2:

§ 0.64-2 Delegation respecting transfer of offenders to or from foreign countries.

The Assistant Attorney General in charge of the Criminal Division is authorized to exercise all of the power and authority vested in the Attorney General under section 4102 of title 18, U.S. Code, which has not been delegated to the Director of the Bureau of Prisons under 28 CFR 0.96b, including specifically the authority to find the transfer of offenders to or from a foreign country under a treaty as referred to in Public Law 95-44 [should be P.L. 95-144] appropriated or inappropriate…

Authority delegated to the Director of the Bureau of Prisons at 28 CFR, Part 0.96b finally resolves the dilemma as the subpart authorizes the Director as agent for the United States of America, and agent for the United States, thus distinguishing the two as unique and separate government or quasi-government entities:

§ 0.96b Exchange of prisoners.

The Director of the Bureau of Prisons and officers of the Bureau of Prisons designated by him are authorized to receive custody of offenders and to transfer offenders to and from the United States of America under a treaty as referred to

58

in Public Law 95-144; to make arrangements with the States and to receive offenders from the States for transfer to a foreign country; to act as an agent of the United States to receive the delivery from a foreign government of any person being transferred to the United States under such a treaty; to render to foreign countries and to receive from them certifications and reports required under a treaty; and to receive custody and carry out the sentence of imprisonment of such a transferred offender as required by that statute and any such treaty.

The subpart is made clearer by eliminating excess wording from § 0.96b then inserting the original delegation of authority from § 0.96:

§ 0.96b, in relative part, [editing added]:

The Director of the Bureau of Prisons… [is] authorized to receive custody of offenders [from] and to transfer offenders to and from the United States of America under a treaty as referred to in Public Law 95-144 [18 USC §§ 4100 et seq.] … [and] to act as an agent of the United States to receive the delivery from a foreign government of any person being transferred to the United States under such treaty…

§ 0.96 Delegations

The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane persons and juvenile delinquents) charged with or convicted of offenses against the United States…

Regulations above conclusively demonstrate that (1) the United States and the United States of America are separate and distinct entities, and (2) the United States of America is foreign to the United States. Further, the Union of several States party to the Constitution are prohibited by the Constitution at Article I § 10.1 from entering treaties, alliances and confederations so they may not be party to the "United States of America" scheme identified in Title 48 statutes and Title 28 regulations cited above:

Article I § 10, Constitution

Section 10. No state shall enter into any Treaty, Alliance, or Confederation...

Therefore, the "United States of America" scheme, effected via Congress' Article IV § 3.2 legislative authority in the geographical United States, cannot legitimately involve the Union of several States party to the Constitution: When Congress legislates under Article IV § 3.2 authority, the legislation is for the self-interested, geographical United States, exclusive of the Union of several States. This is clarified by application of terms found in Rule 54 (c ), Federal Rules of Criminal Procedure for United States District Courts:

**"Act of Congress" includes any act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession.**

**"State" includes District of Columbia, Puerto Rico, territory and insular possession.**

60

Applications above rely on the restrictive term "includes", where two principles of law govern: The example represents the class, and that which is omitted was intended to be omitted. In other words, when the District of Columbia and Puerto Rico are the named examples, they are representative of a class broadly construed to be territories of the United States. Where no State which is one of the several States party to the Constitution is named, the Union of several States was intentionally omitted and is not included.

In the context of these provisions for use in determining application of Acts of Congress which prescribe offenses against the United States, there must be some express provision conveying application under Congress' Article I delegated authority or the Act, meaning the law and attending penalty, does not reach the Union of several States and the American people at large.

What might be described as the "American Empire" includes 51 semi-sovereign, self-interested, geographical entities, each of which is in many respects autonomous, and in the framework of private international law, foreign to the rest. The geographical United States under Congress' Article IV § 3.2 legislative jurisdiction is as foreign to Kansas and Oklahoma as Kansas and Oklahoma are to each other. While the Union of several States are generally accommodating to each other, and practice what is described as comity (diplomatic courtesy and accommodation), each officially retains its sovereignty. Likewise, the geographical United States may be accommodating of and accommodated by any of the several States, but has no legitimate authority in or over any of the several States and people indigenous to or otherwise located in the several States.

This distinction is relevant where the instant matter is concerned as Congress cannot amend the Constitution through treaties, nor can the President amend it

through administrative agreements. A treaty or executive agreement that affects the Union of several States and the American people at large must fall within powers enumerated in the Constitution. Therefore, applicability of treaties, executive agreements, and the like must be determined both by scope and underlying authority – what capacity was Congress acting in via Public Law 95-144 (18 USC §§ 4100 et seq.), which authorizes treaties pertaining to exchange of prisoners with foreign governments?

**The matter is resolved at § 4101(I) of Public Law 95-144 (91 Stat. 1213):**

"(I) 'State' means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States..."

The definition of "State" above for all practical purposes restates application of the term "State" in Rule 54(c ), Federal Rules of Criminal Procedure for United States District Courts. All examples are territories, commonwealths, etc., under Congress' Article IV § 3.2 legislative jurisdiction. There is no provision for extending reach of this authority to the Union of several States party to the Constitution and the American people at large.

Where the instant matter is concerned, Petitioner is a native of Kansas, and for most of his adult life, has been a Citizen and qualified elector of Oklahoma, both being among the several States party to the Constitution of the United States where said Constitution is the law of the land (Article I § 1, Oklahoma Constitution). Petitioner is by definition a "national of the United States", as that term is defined at 8 USC § 1101(a)(22) and (23), he is not a citizen of the United States, as the term is defined in section 1 of the Fourteenth Amendment.

I,/ Party lives on privately owned land in Maryland which is not within jurisdiction of the United States, as defined at 18 USC 7(3), and has no connection with territories of the United States under Congress' Article IV § 3.2 legislative jurisdiction – the District of Columbia, Puerto Rico, Guam, American Samoa, the Virgin Islands, the Northern Mariana Islands, etc. Petitioner does not have business or dealings in United States maritime jurisdiction, as defined at 18 USC § 7 in general.

The Constitution of the United States and Titles 18, 19, 21, 26 & 28 of the United States Code vest authority and standing in a governmental entity identified and known as the United States. The Constitution and titles cited above do not vest authority in a governmental entity known as the United States of America. The United States of America is authorized as a principal of interest only in Title 48 of the United States Code, relating to United States territories and insular possessions, and by evidence of 28 CFR, Part 0.96b and other regulations cited supra, the "United States of America" is foreign to the United States and the Union of several States party to the Constitution.

Therefore, the "United States of America" does not have standing as a principal of interest where the instant matter is concerned so lacks authority to prosecute Petitioner in courts of the United States located in the Union of several States party to the Constitution.

4. Petitioner alleges that contrary to the prohibition at Article 1, Section 9, clause 3 of the Constitution of the United States, the United States District Court for the Northern District of Oklahoma, being a legislative-statutory court of the territorial United States, has effected a bill of attainder against Petitioner by depriving him of liberty without substantive due process of law as

63

contemplated by the "arising under" clause at Article III §2.1 and the Fifth Article of Amendment guarantee of due process of law.

The relevant constitutional provisions are as follows:

## Article I § 9.3:

No Bill of Attainder or ex post facto Law shall be passed.

## Article III § 2.1, in relative part:

Section 2. The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority ...

## Fifth Article of Amendment:

No person shall ... be deprive of life, liberty, or property, without due process of law...

**Intent of the constitutional prohibition against bills of attainder is treated extensively in United states vs. Brown, 381 U.S. 437, 14 L.ed. 2d, 484, 85 S.Ct. 1707. The simplest, most direct definition of what a bill of attainder is**

64

**within the framework of constitutional intent was cited by Justice White, with Justices Clark, Harlan, and Steward joining, in a separate opinion (p. 462):**

**"A bill of attainder is a legislative act which inflicts punishment without a judicial trial." Cummins v. Missouri, 4 Wall 277, 323, 18 L.ed. 356, 363.**

Within this simple, direct definition, the Article IV United States District Court, being a legislative court created under Congress' Article IV § 3.2 legislative jurisdiction, is condemned – this legislative, statutory court does not have Article III constitutional powers, and does not represent the judicial branch of government as a separate, distinct entity. Due to the law it imposes, it functions in approximately the capacity as vice-admiralty courts of King George III, which were largely responsible for the American Revolution in 1776.

Chief Justice Warren wrote the majority opinion in United States v. Brown, commencing the formal opinion with a somewhat lengthy history of the object of the prohibition against Federal government imposing bills of attainder at Article I § 9.3, and against State governments imposing bills of attainder at Article I § 10.1. The matter is important enough that Chief Justice Warren's account is worth reciting at length [footnote cites bracketed]:

A logical starting place for an inquiry into the meaning of the prohibition is its historical background. The bill of attainder, a parliamentary act sentencing to death one or more specific persons, was a device often resorted to in sixteenth, seventeenth, and eighteenth century England for dealing with persons who had attempted, or threatened to attempt, to overthrow the government. In addition to the death sentence, attainder generally carried with it a "corruption of blood," which meant that the attainted party's heirs could not inherit his property. The

"Bills of pains and penalties" was identical to the bill of attainder, except that it prescribed a penalty short of death, e.g., banishment, deprivation of the right to vote, or exclusion of the designated party's sons from Parliament. Most bills of attainder and bills of pains and penalties named the parties to whom they were to apply; a few, however, simply described them. While some left the designated parties a way of escaping the penalty, others did not. The use of bills of attainder was not limited to England. During the American Revolution, the legislatures of all thirteen States passed statutes directed against the Tories: among these statutes were a large number of bills of attainder and bills of pains and penalties.

While history thus provides some guidelines, the wide variation in form, purpose and effect of ante-Constitution bills of attainder indicates that the proper scope of the Bill of Attainder Clause, and its relevance to contemporary problems, must ultimately be sought by attempting to discern the reasons for its inclusion in the Constitution, and the evils it was designed to eliminate. The best evidence, the writings of the architects of our constitutional system, indicates that the Bill of Attainder Clause was intended not as a narrow, technical(and therefore soon to be outmoded) prohibition, but rather as an implementation of the separations of powers, a general safeguard against legislative exercise of the judicial function, or more simply – trial by legislature.

The Constitution divides the National Government into three branches – Legislative, Executive and Judicial. This "separation of powers" was obviously not instituted with the idea that it would promote government efficiency. It was, on the contrary, looked to as a bulwark against tyranny. For if governmental power is fractionalized, if a given policy can be implemented only by a

66

combination of legislative enactment, judicial application, and executive implementation, no man or group of men will be able to impose its unchecked will. James Madison wrote:

> "The accumulation of all powers, legislative, executive, and judiciary, in the same hands, whether of one, a few, or many, and whether hereditary, self-appointed, or elective, may justly be pronounced the very definition of tyranny." [The Federalist, No. 47, pp. 373-374, (Hamilton ed. 1880)]

> The doctrine of separated powers is implemented by a number of constitutional provisions, some of which entrust certain jobs exclusively to certain branches, while others say that a given task is not to be performed by a given branch. For example, Article III's grant of "the judicial Power of the United States" to federal courts has been interpreted both as a grant of exclusive authority over certain areas, Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60, and as a limitation upon the judiciary, a declaration to certain tasks are not to be performed by courts, e.g. Muskrat v. United States, 219 US 346, 55 L.ed 246, 31 S.Ct. 250. Compare Youngstown Sheet & Tube Co. v. Sawyer, 343 US 379, 96 L.ed. 1153, 72 S.Ct. 863, 26 ALR2d 1378.

The authors of the Federalist Papers took the position that although under some systems of government (most notably the one from which the United States had just broken), the Executive Department is the branch most likely to forget the bounds of its authority, "in a representative republic … where the legislative power is exercised by an assembly … which is sufficiently numerous to feel all the passions which actuate a multitude; yet not so

numerous as to be incapable of pursuing the objects of its passions ...," barriers had to be erected to ensure that the legislature would not overstep the bounds of its authority and perform the functions of the other departments. [The Federalist, No. 48, pp. 383-384 (Hamilton ed 1880) (Madison); see generally The Federalist Nos. 47 (Madison), 48 (Madison), 49 (Hamilton), 51 (Hamilton) and 78 (Hamilton)] Alexander Hamilton wrote:

> "Nothing is more common than for a free people, in times of heat and violence, to gratify momentary passions, by letting into the government principles and precedents which afterwards prove fatal to themselves. Of this kind is the doctrine of disqualification, disfranchisement, and banishment by acts of the legislature. The dangerous consequences of this power are manifest. If the legislature can disfranchise any number of citizens at pleasure by general descriptions, it may soon confine all the votes to a small number of partisans, and establish an aristocracy or an oligarchy; if it may banish at discretion all those whom particular circumstances render obnoxious, without hearing or trial, no man can be safe, nor know when he may be the innocent victim of a prevailing faction. The name of liberty applied to such a government, would be a mockery of common sense." [III (John C.) Hamilton, History of the Republic of the United States, p. 34 (1859) – (balance of footnote not reproduced here)]

Thus the **Bill of Attainder Clause** not only was intended as one implementation of a general principle of fractionalized power, but also reflected the Framers' belief that the Legislative Branch is not so well suited as politically independent judges and juries to the task of ruling upon the

68

blameworthiness of, and levying appropriate punishment upon, specific persons.

"Every one must concede that a legislative body, from its numbers and organization, and from the very intimate dependence of its members upon the people, which renders them liable to be peculiarly susceptible to popular clamor, is not properly constituted to try with coolness, caution, and impartiality a criminal charge, especially in those cases in which the popular feeling is strongly excited, -- the very class of cases most likely to be prosecuted by this mode." [1 Cooley, Constitutional Limitations, pp. 536-537 (8th ed 1927)]

By banning bills of attainder, the Framers of the Constitution sought to guard against such dangers by limiting legislatures to the task of rule-making. "It is the peculiar province of the legislature to prescribe general rules for the government society; the application of those rules to individuals in society would seem to be the duty of other departments." Fletcher v. Peck, 6 Cranch 87, 136, 3 L.ed. 162, 178.

It is in this spirit that the Bill of Attainder Clause was consistently interpreted by this Court – until the decision in American Communications Assn. V. Douds, 339 US 382, 94 L.ed. 925, 70 S.Ct. 64 … In 1810, Chief Justice Marshall, speaking for the Court in Fletcher v. Peck, 6 Cranch 87, 138,3 L.ed. 162, 178, stated that "[a] bill of attainder may affect the life of an individual, or may confiscate his property, or may do both." This means, of course, that what were known at common law as bills of pains and penalties are outlawed by the Bill of Attainder Clause. The Court's pronouncement therefore served notice that the Bill of Attainder Clause was not to be given a narrow historical reading (which would exclude bills of pains and penalties), but was instead to be read

in light of the evil the Framers had sought to bar: legislative punishment, of any form or severity, of specifically designated persons or groups. See also Ogden v. Sanders, 12 Wheat 213, 6 L.ed. 606, 631.

In footnote 18, Chief Justice Warren quoted James Madison from The Federalist No. 44, as follows:

Bills of attainder, ex post facto Laws, and laws impairing the obligation of contracts, are contrary to the first principles of the social compact, and to every principle of sound legislation. The two former are expressly prohibited by the declarations prefixed to some of the state constitutions, and all of them are prohibited by the spirit and scope of these fundamental charters. Our own experience has taught us, nevertheless, that additional fences against these dangers ought not to be omitted. Very properly, therefore, have the convention added this constitutional bulwark in favour of personal security and private rights ... The sober people of America are weary of the fluctuating policy which has directed the public councils. They have seen with regret and with indignation, that sudden changes, and legislative interferences, in cases affecting personal rights, become jobs in the hands of enterprising and influential speculators; and snares to the more industrious and less informed part of the community. (The Federalist, No. 44, p. 351 (Hamilton ed 1880))

In footnote 20, Chief Justice Warren included Thomas Jefferson comments:

The same thought is reflected in the writings of Thomas Jefferson: "173 despots would surely be as oppressive as one ... Little will it avail us that they are chosen by ourselves ... The government we fought for is one which should not only be founded on free principles, but in which the powers of government

70

should be so divided and balanced among several bodies of magistracy, as that no one could transcend their legal limits, without being effectually checked and restrained by the others. For this reason that convention, which passed the ordinance of government, laid its foundation on this basis, that the legislative, executive and judiciary departments should be separate and distinct, so that no person should exercise the powers of more than one of them at the same time … If … the legislature assumes executive and judiciary powers, no opposition is likely to be made; nor, if made, can it be effectual; because in that case they may put their proceedings into the form of an act of assembly, which will render them obligatory on the other branches. They have accordingly in many instances, decided rights which should have been lift to judiciary controversy …" Jefferson, Notes on the State of Virginia, pp. 157-158 (Ford ed 1894).

The bill of attainder definition cited by Justice White is worth repeating as it boils the matter down to a single succinct sentence: "A bill of attainder is a legislative act which inflicts punishment without a judicial trial."

The matter at hand is therefore axiomatic: The United States District Court is a legislative court under Congress' plenary power as that power extends to Article IV § 3.2 legislative jurisdiction over the geographical United States, as United States jurisdiction is defined at 18 USC § 7. In this century, at least, the "bill of attainder" has generally been addressed in the framework of what one law does or doesn't do, but by intent demonstrated above, American founders implemented the prohibition against bills of attainder as an absolute ban against legislative rather than judicial courts. The United States District Court is in fact a legislative rather than a judicial court, and is absolutely devoid of Article III character.

**The first known address of the character and authority of United States territorial courts was by Chief Justice Marshall in American Insurance Co. v. 356 Bales of Cotton, 1 Pet. 511 (1828):**

These territorial courts then, are not Constitutional courts, in which the judicial power conferred by the Constitution on the general government can be deposited. They are incapable of receiving it. They are legislative courts, created in virtue of the general rights of sovereignty which exists in the government, or in virtue of that clause which enables Congress to make all needful rules and regulations, respecting the territory belonging to the United States. The jurisdiction with which they are invested, is not a part of that judicial power which is defined in the 3d article of the Constitution, but is conferred by Congress, in the execution of those general powers which that body possesses over the territories of the United States. Although admiralty jurisdiction can be exercised in the States in those courts only which are established in pursuance of the 3d article of the Constitution, the same limitation does not extend to the territories. In legislating for them, Congress exercises the combined powers of the general and of the State government.

Territories which have not been admitted to the Union of several States party to the Constitution are not parties to the contract known as the Constitution, so the rationale which has been imposed via Congress' morally colorable claim to authority is that Congress can do as Congress pleases in territories belonging to the United States. That is not the case, however, where the Union of several States party to the Constitution is concerned, nor where the sovereign American people are concerned: The Article I § 9.3 prohibition against bills of attainder, as articulated variously by Madison, Hamilton, Jefferson, Marshall and others who were close to and participated in establishing the nation under

constitutional rule – the prohibition specifically condemns legislative courts as having authority to deprive the sovereign American people of life, liberty and property.

In this century, the Supreme Court of the United States addressed the character of the United States District Court definitively in Balzac v. Porto Rico, 258 U.S. 298 at 312 (1921):

  The United States District Court is not a true United States court established under Article III of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under Article IV, Section 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court.

It is, of course, axiomatic that only those territorial courts of the United States empowered to prosecute felony offenses under title 18 of the United States Code at 18 USC § 23, and Rule 54(a) of the Federal Rules of Criminal Procedure for the United States District Courts (the United States District Courts of Guam, the Northern Mariana Islands, and the Virgin Islands, and formerly the United States District Court for the Canal Zone), have standing to prosecute felony offenses as 18 USC § 3231 vests original jurisdiction for prosecution of offenses against the United States in Article III district courts of the United States (18 USC §3231). Therefore, the United States District Court for the Northern District of Oklahoma, and all other United States District Courts located in the Union of several States party to the Constitution, are

73

incompetent so far as having authority to prosecute offenses save misdemeanor and petty offenses cognizable under 18 USC § 3401, in the framework of regulations promulgated by the Defense Logistics Agency and the Bureau of Land Management (see notes following 18 USC § 3401). However, even in those areas where United States District Courts have statutory authority to prosecute felony offenses, the statutory grant of authority must yield to the Constitutional prohibition against bills of attainder where the sovereign American people are concerned as the prohibition against bills of attainder at Article I § 9.3 is an integral part of the delegations of authority and prohibitions conveyed in the governing instrument which establishes the relationship between the sovereign American people and United States Government – application, including prohibitions, is universal, it is not territorially bound.

## Conclusion

The United States District Court for the District of Maryland, and all other United States District Courts, are legislative-statutory courts of the United States, established under Congress' Article IV § 3.2 legislative jurisdiction in the territorial or geographical United States. Because they are not judicial courts established under authority of Article III of the Constitution, they may not deprive the sovereign American people of life, liberty or property (Fifth Amendment) as Article I § 9.3 of the Constitution prohibits bills of attainder. The prohibition against bills of attainder is broadly construed as a bar against legislative or executive branches of the national government assuming judicial powers.

74

## Summary and Conclusion

Memorandum elements above remove the continuing debate concerning Federal authority from the ethereal realm of abstract principle to the concrete world of, "This is what the law says." As a consequence, counsel for the "United States of America" and the Internal Revenue Service must prove constitutional standing for the de facto foreign government, and must prove origin and sources of authority for the Internal Revenue Service, as well as proving authority for the United States District Court, the Department of Justice, the United States Attorney, the Bureau of Prisons, and Federal Civilian enforcement agencies.

Additionally, the character of the United States District Court must be disclosed and established by proof of legal authorities: If it is a legislative court, as petitioner alleges it is, the indictment, judgment and sentence against petitioner must be thrown out as legislative courts cannot deprive the sovereign people of life, liberty or property without inflicting bills of attainder, prohibited at Article I § 9.3 of the Constitution. The Constitution of the United States is the first and last authority on the matter.

I will, alleges that the cast of characters responsible for prosecuting the instant matter cannot take shelter under pleas of ignorance as they have repeatedly been confronted with the allegation that the Internal Revenue Service is an agency of the Department of the Treasury, Puerto Rico since as early as October 1995, and even after dismissing the first Sandra Denise Curl, Sandra Curl- Jacobs El Sandra Curl Jacobs, "Minister Sandra El case 8:19 cr 444 in November 2019, failed and refused to disclose taxing and liability statutes in the 2016 Sandra Denise Curl, Sandra Curl- Jacobs El Sandra Curl Jacobs, "Minister Sandra El indictment.

75

It is obviously impossible to interfere with administration of an internal revenue law if no taxing statute is in evidence, and the government fails to prove liability for a prescribed tax.

The original indictment against the Sandra Denise Curl, Sandra Curl- Jacobs El Sandra Curl Jacobs, "Minister Sandra El was obviously in defense of tyranny and plunder, nothing more – without taxing and liability statutes, a penalty statute has no force and effect, and without general application regulations published in the Federal Register in compliance with the Federal Register Act, taxing and liability statutes would be of no force and effect.

The matter at hand is as obviously predicated on antecedent actions that were patently fraud, initiated with absolutely no constitutional, statutory or regulatory authority.

By my signature, I certify that all matters herein are to the best of my current knowledge, belief and understanding accurate and true.

Sandra Kenan

        party acting on behalf of Creditor

76

## CERTIFICATE OF SERVICE

I, Sandra Kenan, acting on behalf of the named defendant(s)  file this before the district court clerk of

court in this year of ~~2019~~ 2021 in the month of ~~December on~~ January this day of 2 7th and I certify that a copy of

the notice has been mail by regular mail.

Sandra Kenan
party acting on behalf of Creditor


**Judge chambers**
George Jarrod Hazel


**Robert Hur**
**Jennifer Sykes – Assistance United States Attorney**
Office of the United States Attorney
6500 Cherrywood Lane
Greenbelt, MD 20770
3013440112
Fax: 3103440105
Email: jennifer.sykes@usdoj.gov


**Abigail Burger Chingos**
**Jeffery A. McLellan**
Trial Attorney
Us Department Of Justice Tax Division
150 M St. NE
Washington, DC 20002
2023053264
Email: abigail.b.chingos@usdoj.gov


*ATTORNEY TO BE NOTICED*
**Justin Eisele**
Seddiq Law Firm
PO BOX 1127
Rockville, MD 20850
3015137832
Fax: 4435880400
Email: justin.eisele@seddiqlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*